UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HUGH MUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05-cv-0911-JDT-TAB |
| ) | |
| HANCOCK COUNTY SHERIFF and ) | |
| JAMES BRADBURY, Individually and in his ) | |
| capacity as Deputy Sheriff, NICK ) | |
| GULLING, individually and his capacity as ) | |
| Hancock County Sheriff, and JOHN ) | |
| MUNDEN, Individually and in his Capacity ) | |
| as Deputy Sheriff, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION TO DISMISS (Docket No. 13)**[1]

Plaintiff Hugh Munson brings this action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his Fourth and Fourteenth Amendment rights by Defendants Hancock Country Sheriff, Sheriff Nick Gulling and Deputy Sheriffs James Bradbury and John Munden. In a complaint filed June 17, 2005, Mr. Munson asserts that the Defendants falsely arrested/imprisoned him and maliciously prosecuted him for the crimes of kidnaping, rape and murder. Based on these and other related allegations, Mr. Munson brings two claims arising under § 1983, and several others arising under Indiana state law, including false arrest, false imprisonment, malicious prosecution, negligence and intentional infliction of emotional distress.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

On August 12, 2005, the Defendants moved to dismiss all claims against them, arguing that the claims are barred by the applicable statute of limitations, and that they are subject to statutory immunity. Mr. Munson responded to the motion to dismiss on August 24, 2005, with the Defendants filing a reply brief on September 1, 2005. The motion therefore is fully briefed and ripe for determination.

## I.   PLAINTIFF'S ALLEGATIONS

The following allegations set forth in Mr. Munson's six-page complaint are relevant to the instant motion to dismiss.

On November 12, 1984, an eleven-year-old girl named Peggy Sue Altes was kidnaped from her home in Indianapolis, Indiana, and tragically raped and murdered. (Compl. ¶ 10.)  Her body was found in Hancock County, Indiana.  (*Id.* ¶ 11.)  In 1986, an individual named Jerry Watkins was convicted of the crimes against Ms. Altes.  (*Id.* ¶ 12.*)* However, in 2000, Mr. Watkins was proven innocent of those crimes through DNA evidence, and released from prison.  (*Id.* ¶ 13.)  As a result, the Hancock County Sheriff reopened the investigation into Ms. Altes' kidnap, rape and murder.  (*Id.* ¶ 14.)

Several years later, the Sheriff received a confession to the crimes against Ms. Altes by Joseph McCormack, who also implicated Mr. Munson in those crimes. (*Id.* ¶ 15-16.)  Through past dealings with Mr. McCormack, Sheriffs Bradbury, Gulling and Munden apparently were aware of his propensity to make incredible statements, including inconsistent statements regarding Ms. Altes' murder. (*Id.* ¶¶ 19, 20.)  Despite this knowledge, on March 14, 2003, two days after receiving Mr. McCormack's

confession, Sheriff Bradbury signed a Probable Cause Affidavit in which he accused Mr. Munson of Ms. Altes' kidnap, rape and murder.  (*Id.* ¶ 21, 23.)   However, almost immediately after making the statement implicating Mr. Munson in the crimes, Mr. McCormack retracted that statement.  Despite this, and apparently after Sheriff Bradbury had been made aware of the retraction, he arrested Mr. Munson in Keystone Heights, Florida on March 17, 2003.  (*Id.* ¶ 26.)  Mr. Munson subsequently was moved to Indiana, where he was held until June 19, 2003.  (*Id.* ¶ 27.)

The Hancock County prosecutor dismissed all charges against Mr. Munson on June 20, 2003 (*id.* ¶ 29), and expunged his arrest record approximately one year later, on June 25, 2004 (*id.* ¶ 30).  As a result the Defendants' actions, Mr. Munson allegedly suffered the following damages: "a loss of his liberty, emotional distress, public humiliation, the loss of the ability to obtain employment and expenses such as legal fees."  (*Id.* ¶ 34.)  He brought the instant action nearly two years after his release, on June 17, 2005.

## II.   DISCUSSION

In their motion to dismiss, the Defendants request that the court dismiss Mr. Munson's claims arising under 42 U.S.C. § 1983 (false arrest/false imprisonment and malicious prosecution) as barred by Indiana's two-year statute of limitations.  The Defendants then suggest that if the court dismisses Mr. Munson's federal claims, it should decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c)(3).  In the alternative, the Defendants seek dismissal of Mr.

Munson's state law malicious prosecution claim on the grounds of statutory immunity—that any malicious prosecution claim is barred by the Indiana Code.

### A.     Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.  *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1356 (3d ed. 2004).  When considering such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004); *Hentosh v. Herman M. Finch Univ. of Health Scis./Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).  Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.     False Arrest/Imprisonment Claim Arising Under 42 U.S.C. § 1983

The Defendants first request that the court dismiss Mr. Munson's false arrest/imprisonment claim arising under 42 U.S.C. § 1983 because it was not filed within the applicable two-year statute of limitations.  According to the Defendants, that statute of limitations is set forth at § 34-11-2-4(1) of the Indiana Code, titled "Injury to person or character -- Injury to personal property -- Forfeiture of penalty given by statute."  Section 34-11-2-4(1) reads:

4

> An action for:
>
> (1) injury to person or character,
>
> (2) injury to personal property; or
>
> (3) a forfeiture of penalty given by statute;
>
> must be commenced within two (2) years after the cause of action accrues.

I.C. § 34-11-2-4(1). The Defendants correctly contend, and Mr. Munson does not appear to dispute, that the Court of Appeals for the Seventh Circuit applies this general two-year statute of limitations for personal injuries to § 1983 claims filed in federal courts in Indiana. *See Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995). What is primarily at issue is when a § 1983 claim for false arrest/imprisonment accrues under § 34-11-2-4(1). The Defendants suggest that accrual occurs on the date of arrest, which in this case was March 17, 2003. Therefore, according to the Defendants, for the complaint to have been timely filed, Mr. Munson would have had to file it on or before March 17, 2005. It was not filed until June 17, 2005.

Mr. Munson responds that "the Seventh Circuit has in recent years recognized several exceptions to the general rule that a false arrest claim accrues on the date of arrest." (Resp. 2.) Citing *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Wiley v. City of Chicago,* 361 F.3d 994, 997 (7th Cir. 2004), Mr. Munson asserts that in certain situations involving false arrest claims and criminal proceedings, the Seventh Circuit has held that accrual cannot begin on the date of arrest because the potential of a criminal conviction would prevent the filing of a false arrest claim until the criminal proceeding

5

terminated. Mr. Munson suggests that such is the case here, and, as a result, his claims could not have begun to accrue on the date of his arrest, but rather, began to accrue on the date the prosecutor dismissed the charges against him—June 20, 2003. Because he filed his complaint not later than two years after that date (on June 17, 2005), Mr. Munson suggests that it was timely filed and should not be dismissed. In the alternative, Mr. Munson requests that the court apply Indiana's "discovery rule" to allow him additional time to have filed his complaint because he did not know at the time he was arrested that he suffered injuries actionable under Indiana law.

The Seventh Circuit historically has held that the statute of limitations in a § 1983 false arrest/imprisonment claim accrues on the date of arrest. *See Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (statute of limitations began to accrue when plaintiff "knew or should have known that his constitutional rights had been violated-- the date of his arrest"); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) (§ 1983 unlawful arrest claim began to accrue on date of arrest because "one can have a successful wrongful arrest claim and still have a perfectly valid conviction"). However, in *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003), relying in large part on the Supreme Court's decision in *Heck*, the Seventh Circuit ruled that where a false arrest claim undermines the validity of a criminal conviction, it does not begin to accrue until the criminal conviction is reversed. *Id.* at 362. (The Supreme Court in *Heck* held that a "damages claim that necessarily demonstrates the invalidity of [a] conviction may not be brought while the conviction stands." 512 U.S. at 481-482.) In so holding, the Circuit

recognized that there are times when a successful challenge to a false arrest can indeed impugn upon the validity of an underlying conviction. *Gauger*, 349 F.3d at 362.

On March 8, 2006, in *Wallace v. City of Chicago*, No. 04-3949, 2006 U.S. App. LEXIS 5771 (7th Cir. Mar. 8, 2006), the Seventh Circuit issued its most recent opinion addressing when a false arrest claim under § 1983 accrues. The plaintiff in that case, Andre Wallace, served time in prison from the age of fifteen until twenty-three for his alleged participation in a murder. After several appeals, the Illinois Appellate Court found that the police had arrested Mr. Wallace without probable cause and that his confession was not sufficiently attenuated from his unlawful arrest. At that point, the prosecution decided to leave well enough alone, and Mr. Wallace was released. He then commenced a federal action under § 1983, asserting that the City of Chicago and two Chicago police detectives had violated his Fourth Amendment rights and that they also had committed the state torts of malicious prosecution and false imprisonment. The district court granted summary judgment in favor of all three defendants on the false arrest claim on statute of limitations grounds, finding that the claim was time-barred under Illinois' applicable statute of limitations.

The Seventh Circuit commenced its review in *Wallace* by examining the underlying law governing false arrest claims as set forth in *Wiley*, *Gaugher* and *Booker*, and how it related to the Supreme Court's holding in *Heck*. The Circuit stated its belief that it had become necessary to impose consistency on the differing holdings, but relatively similar factual circumstances, of those cases. And it did so by concluding in *Wallace* that all false arrest claims accrue at the time of injury. The Court stated, "to the

7

extent, therefore, that *Gaugher* eschews a clear rule for false arrest claims in favor of an evaluation of the evidence, we disapprove its approach." *Id.* at *10. *Wallace* "reaffirm[s] the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest; to the extent that it is inconsistent with *Booker v. Ward* and the present opinion, . . . [it] overrule[s] *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003)." *Id.* at *2.

Under this very recent and controlling Seventh Circuit precedent, it is clear that Mr. Munson's false arrest claim accrued on the date of his arrest—March 17, 2003. Because Mr. Munson did not file this action until June 17, 2005, more than two years after that date, the action was not commenced within the time allowed by the applicable statute of limitations, I.C. § 34-11-2-4(1). Therefore, Mr. Munson's federal claim of false arrest must be dismissed.[2]

### C.   Malicious Prosecution Claim Arising Under 42 U.S.C. § 1983

From the court's reading of the filings related to the motion to dismiss, it is difficult to determine if Mr. Munson advances another claim under § 1983 (for malicious prosecution), or if he simply attempts to title his false arrest/imprisonment claims as such so as to avoid the statute of limitations problem, as the Defendants contend. The Seventh Circuit has noted that "malicious prosecution and false arrest are separate claims, even though plaintiffs have attempted to blur the line between them,"

---

[2] Because *Wallace* allows for only one interpretation of when a false arrest claim accrues—on the date of arrest—the court declines to allow any re-briefing of the issue as unnecessary.

*Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997), and that seems to be the case here.  However, in his complaint, Mr. Munson does appear to clearly advance such a claim, stating, "Defendant violated Hugh Munson's rights under the Fourteenth Amendment to due process of law by materially misrepresenting to the court the sources and reliability of the evidence against him."  (Compl. ¶ 36.)

The Defendants argue that this allegation cannot form the basis for a viable Fourteenth Amendment violation, and the court agrees.  The Seventh Circuit has held that "claims of malicious prosecution should be analyzed not under the substantive due process approach . . . but under the language of the Constitution itself."  *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001 ).  Under *Newsome*, there may be a § 1983 remedy for "trial-based government misconduct based on violations of [procedural] due process  -- not claims of malicious prosecution."  *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002) (discussing *Newsome*, 256 F.3d at 751).  For a viable *Newsome* due process claim, the plaintiff "must allege that the officers withheld information or evidence necessary for the fair and impartial trial guaranteed by the U.S. Constitution."  *Id.* at 999.  A defendant is liable only when he or she pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully or covered up exculpatory evidence.  See *Brady v. Maryland*, 373 U.S. 83, 87 (1963)*; Reed v. City of Chi.*, 77 F.3d 1049, 1053-54 (7th Cir. 1996); *Gauger*, 349 F.3d at 359-61.

Here, Mr. Munson does not allege that the Defendants improperly influenced or knowingly made misstatements to the prosecutor or withheld any material exculpatory evidence necessary for him to have a fair and impartial trial.  Relying on a false witness

9

statement to make an arrest is not the same as withholding material exculpatory evidence that could have violated Mr. Munson's right to a fair trial. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 901 (7th Cir. 2001) ("in order to state a claim for malicious prosecution against the police officers under § 1983, Snodderly must do more than merely claim that they arrested and detained him without probable cause . . . rather, he must allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence"). Moreover, malicious prosecution is not a constitutional tort unless the state provides no remedy for malicious prosecution, which is not the case here. *Newsome,* 256 F.3d at 751. Accordingly, any claim for malicious prosecution or allegations of a Fourteenth Amendment due process violation also must be dismissed.

### D. State Law Claims

The remainder of Mr. Munson's claims are state law claims for false arrest, false imprisonment, malicious prosecution, negligence and intentional infliction of emotional distress. Having dismissed all of the federal claims, the court declines to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if the district court "has dismissed all claims over which it has original jurisdiction"); *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 700 (7th Cir. 2005)

(district court wisely refused to exercise supplemental jurisdiction over plaintiffs' state law claims after properly dismissing all federal claims).

### III. CONCLUSION

For the reasons stated above, the court **GRANTS** the Motion to Dismiss (Docket No. 13). An appropriate judgment will be entered.

ALL OF WHICH IS ENTERED this 16th day of March 2006.

                                    _____
                                    John Daniel Tinder, Judge
                                    United States District Court

Copies to:

Jeffrey S. McQuary
Brown Tompkins Lory
jmcquary@brown-tompkins-lory.com

Michael Roy Morow
Stephenson Morow & Semler
mmorow@stephlaw.com

James S. Stephenson
Stephenson Morow & Semler
jstephenson@stephlaw.com

John L. Tompkins
Brown Tompkins Lory
johnltom@msn.com